FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRANDON JOSEPH BLANCAS,<br>Defendant. | No. 1:25-cr-02099-MKD-1<br>ORDER ACCEPTING REPORT AND RECOMMENDATION ON GUILTY PLEA AND SETTING SENTENCING SCHEDULE<br>**ECF No. 94** |

On July 29, 2026, Brandon Joseph Blancas appeared before United States Magistrate Judge Alexander C. Ekstrom and entered a plea of guilty to Count 2 of the Superseding Indictment filed on July 29, 2026, charging him with Distribution of 5 Grams Or More of Actual (Pure) Methamphetamine, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Defendant executed a written waiver of the right to enter his plea of guilty before the presiding United States District Judge and a written consent to proceed before a United States Magistrate Judge. ECF No. 93.

Defendant was represented by Robin Emmans. Assistant United States Attorney Benjamin Seal appeared on behalf of the United States.

United States Magistrate Judge Alexander C. Ekstrom filed a Report and Recommendation on July 29, 2026, ECF No. 94, finding that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge(s) and consequences of the plea, and that the plea of guilty is knowing, voluntary, is not induced by fear, coercion, or ignorance, and is supported by an independent basis in fact establishing each of the essential elements of the crime.

The Court adopts the Magistrate Judge's Report and Recommendation, ECF No. 94, and accepts Defendant's plea of guilty.

Accordingly, **IT IS HEREBY ORDERED:**

1. **Sentencing Hearing**: A sentencing hearing is **SET** for **November 17, 2026,** at **10:45 a.m.,** in **Yakima**.

    a. **Continuance Requests**: Any requests to continue the sentencing hearing **must (1)** demonstrate extraordinary circumstances, **(2)** be made by written motion, **(3)** indicate the positions of the opposing party and the U.S. Probation Officer on the continuance, and **(4)** be filed **at least three weeks** before the scheduled sentencing hearing.

Any objections to the requested continuance shall be filed no later than 3 days after the motion to continue is filed.

b. Unless and until a requested continuance is granted, counsel should presume that the sentencing hearing will proceed as scheduled and prepare accordingly.

2. **Custody**: Defendant shall remain in the custody of the U.S. Marshals Service pursuant to the detention order previously entered in this matter. ECF No. 49. **If a sentence of incarceration is imposed, Defendant <u>shall remain in the custody of the U.S. Marshals Service.</u>**

3. **PSR**: The United States Probation Office shall prepare a Presentence Investigation Report (PSR) pursuant to Fed. R. Crim. P. 32(c).

a. **If defense counsel wishes to be present for the PSR interview, defense counsel must make themselves available to attend the PSR interview <u>by the date set forth in the chart below</u>. If defense counsel fails to do so, the Probation Officer is authorized to proceed with the PSR interview without defense counsel present.** *See* Fed. R. Crim. P. 32(c)(2). The Probation Officer has the discretion to extend the date of the PSR interview, but may not extend the interview to a date that will require a continuance of the

sentencing hearing. If defense counsel does not respond to the Probation Officer's communication about scheduling the interview within three days, the Probation Officer is directed to contact and advise chambers.

4. By the date set forth in the chart below, the Probation Officer shall disclose the PSR to Defendant, counsel for Defendant, and the United States. Disclosure of the PSR shall be subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

5. **Objections to PSR**: **Within 14 days of the filing of the PSR**, counsel shall **file any PSR objections** as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSR in sequential order, beginning with the lowest numbered paragraph. If an objection is filed, the Probation Officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

6. **Final PSR**: The Probation Officer shall submit the final PSR to the Court by the date set forth in the chart below. The PSR shall be accompanied by an addendum setting forth any objections counsel made, including those that have

not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than the sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for Defendant and the United States, and that the addendum fairly states any remaining objections. Except with respect to any written objection made as required above, the PSR and computations shall be accepted by the Court as accurate. Upon a timely objection by Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow that a new objection be raised at any time before the imposition of sentence. In resolving any disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, Defendant, or the United States.

Nothing in this Order requires the disclosure of any portions of the PSR that are not disclosable under Fed. R. Crim. P. 32. The PSR shall be deemed to have been disclosed when the PSR is docketed on CM/ECF.

7. **Sentencing Memos/Motions**: By the date set forth in the chart below, counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations.

a. Initial sentencing memoranda are limited to 20 pages, absent prior permission from the Court to file an overlength memorandum.

b. Counsel shall utilize the following format when preparing initial sentencing memoranda:

I. Offense Level & Criminal History

II. Departures

III. 18 U.S.C. § 3553(a)

c. Under Section I. Offense Level & Criminal History, counsel shall discuss whether the PSR's Total Offense Level calculations (not including departures) and Criminal History calculation are correct or incorrect, providing legal authority for the party's position.

d. Under Section II. Departures, counsel shall discuss whether a downward and/or upward departure is warranted under the Guidelines and provide legal authority for such position.

e. Under Section III. 18 U.S.C. § 3553(a), counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in § 3553(a).

e. **Failure to file and serve sentencing materials by this date, to include motions for upward or downward departure, will be deemed a waiver of the right to do so.**

8. **Responses**: By the date set forth in the chart below, the opposing party shall file and serve its response, limited to no more than seven (7) pages.

9. **Safety Valve**: If Defendant intends to qualify for the safety valve, the parties must conduct a safety valve interview to determine if the Defendant has met the requirements of U.S.S.G. § 5C1.2(a)(5) by the date set forth in the chart below.

10. **Witnesses/Exhibits**: If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court by the date set forth in the chart below.

11. **Duration**: Sentencings shall be scheduled for a total of **45 minutes**. If counsel believes that the sentencing hearing will last longer than 45 minutes, counsel shall notify Chambers by the date set forth in the chart below to ensure that sufficient time is scheduled.

12. **Pending Motions**: All pending motions pertaining to Defendant are **DENIED as moot,** and all pending hearing and trial dates pertaining to Defendant are **STRICKEN** from the Court's calendar.

13. This Order authorizes the District Court Executive to accept Defendant's payment in the amount of $100 toward Special Penalty Assessments.

**14. Summary of Deadlines**

| | |
|---|---|
| Deadline for Defense Counsel to Attend PSR Interview: | **September 14, 2026** |
| Draft PSR disclosed: | **October 9, 2026** |
| **PSR Objections filed:** | **October 26, 2026** |
| **Final PSR filed:** | **November 6, 2026** |
| **Motions to Continue Sentencing filed:**<br>Objections to Continuance filed: | **October 23, 2026**<br>**3 days after motion filed** |
| Safety-Valve Interview Conducted: (if applicable) | **October 23, 2026** |
| **Sentencing Motions & Memoranda filed:**<br>Responses filed: | **November 2, 2026**<br>**November 10, 2026** |
| Deadline to notify Chambers if sentencing will require more than 45 minutes: | **November 10, 2026** |
| Witness Lists/Exhibit Lists filed: | **November 10, 2026** |
| **SENTENCING HEARING** | **November 17, 2026**<br>**10:45 a.m. - Yakima** |

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshals Service.

DATED August 17, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE